No. 00-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 172N

---

BARRY COFFIN and DEBORAH COFFIN,

Plaintiffs and Respondents,

v.

IRENE S. ATRAQCHI and MIKE R. ATRAQCHI,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Mike R. Atraqchi, Irene S. Atraqchi, *pro se*, Washington, D.C.

For Respondents:

Clifford E. Schleusner, Attorney at Law, Billings, Montana

_____

Submitted on Briefs: June 22, 2000

Decided: July 6, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be

filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶The Thirteenth Judicial District Court, Yellowstone County, quieted title to certain real property in that county in Barry Coffin and Deborah Coffin. Irene S. Atraqchi and Mike R. Atraqchi appeal. The Atraqchis argue that the court deprived them of due process by granting the Coffins the property, which they had owned before the Coffins acquired it through tax deeds, without a hearing. We affirm.

3. ¶The District Court set the January 21, 2000 trial date in this matter in September, 1999. On December 6, 1999, the Atraqchis filed a motion to continue the trial date on grounds that they would be refraining from all worldly activities during the Moslem holy month of Ramadan from December 8, 1999 until January 8, 2000, and that after that time they would be preparing for a February 14, 2000 pretrial hearing in a federal court case. The District Court denied the motion to continue the trial date, and trial was held on the scheduled date without the presence of the Atraqchis.

4. ¶In *Tri-County Plumbing v. Levee Restorations, Inc.* (1986), 221 Mont. 403, 408, 720 P.2d 247, 250, this Court stated that a decision on whether to grant a continuance on a trial date is within the trial court's discretion and will not be overturned absent an affirmative showing that the complaining party has suffered prejudice. That standard has not been met in the present case.

5. ¶The Atraqchis' stated defense to the quiet title action, both at the District Court level and on appeal, is that the Coffins obtained the property illegally, in cooperation with the federal government, state government, and "other religious entities," by illegal wiretapping and electronic surveillance. This defense does not contain any allegations contradicting the substantive allegations of the Coffins' quiet title complaint, and therefore does not constitute a legitimate defense. The record indicates that the Atraqchis lost their legitimate claim to the Yellowstone County property because of their failure to pay the property taxes on it, and that the property was thereafter acquired by the Coffins in accordance with statutory procedures. Even if the Atraqchis had been present at the trial and had offered evidence in support of their defense, such offered evidence would have been inadmissible as irrelevant to any legitimate issue in this action. We conclude that the Atraqchis have not established that they suffered any prejudice by the denial of their motion for a continuance of the trial date and that the District Court did not abuse its discretion in denying the motion for a continuance.

6. ¶We affirm the decision of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER